UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00890-FWS                                    Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Appellants:                    Attorneys Present for Appellees:

Not Present                                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT [11]**

Before the court is pro se Appellants James A. and Elizabeth C. Zachman's (collectively, "Debtors") Appeal of the Bankruptcy Court's Order Denying the Debtors' Motion to Withdraw and Defective Pleading for Violation of the Automatic Stay and Discharge Injunction ("Appeal or App."). (Dkt. 11.) The State of Delaware and Morris James LLP filed Responses. (Dkts. 15, 17.) Debtors also filed a Reply. (Dkt. 18.)

The court found this matter appropriate for resolution without oral argument and took the matter under submission on September 27, 2022. (Dkt. 21.) *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the order of the bankruptcy court is **AFFIRMED**.

/ / /


/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00890-FWS                                         Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

## I. Background

Debtors filed a voluntary chapter 7 petition on May 17, 2010.  (Chapter 7 Voluntary Petition, *In re Zachman*, No. 8:10-bk-16593-TA (Bankr. C.D. Cal. May 17, 2010) (Dkt. 1) (hereinafter "Bankr. Dkt.").)[1]  In Debtors' schedules of assets and liabilities, Debtors indicated that Debtor James Zachman owned an interest in "Real Time Data Services, LLC," a Delaware limited liability company, with an estimated value of $2,500.  (*See* Bankr. Dkt. 9 at 16 (list of Schedule B assets).)  Debtors claimed this property as exempt pursuant to California Code of Civil Procedure § 695.060.  (*Id.* at 18 (list of Schedule C property claimed as exempt).)  On September 7, 2020, the bankruptcy court discharged both Debtors. (Bankr. Dkt. 19).  The clerk of court subsequently closed Debtors' bankruptcy case on September 24, 2010.  (Bankr. Dkt. 21.)

Several years after the bankruptcy proceedings closed, Debtor James Zachman brought actions in both state and federal court related to his claimed interest in Real Time Data Services, LLC.  (*See, e.g.*, Dkts. 11-10; 15 at 4-5; 17 at 4-5.)  Relevantly, Debtor James Zachman alleged five claims against three defendants and one intervenor-defendant before the Delaware Chancery Court for: (1) breach of contract; (2) unjust enrichment; (3) breach of fiduciary duty; (4) civil conspiracy; and (5) a request for books and records.  (Bankr. Dkt. 29-2, Exh. 1 at 20-21.)  Appellee Morris Phillip LLP represented two of the defendants in this action.  (*See* Dkt. 17 at 4.)  The Chancery Court granted partial summary judgment for Defendants as to the first, second, fourth, and fifth claims.  (Bankr. Dkt. 29-2, Exh. 1 at 21.)  After a trial, the Chancery Court found the defendants liable for breach of fiduciary duty.  (*Id.* at 49.)

Debtor James Zachman appealed this order to the Delaware Supreme Court, and the Delaware Supreme Court affirmed on April 21, 2021.  (*See* Bankr. Dkt. 29-2, Exh. 5.)

---

[1] The court "may take judicial notice of the underlying bankruptcy court records relating to an appeal."  *In re Chagolla*, 544 B.R. 676, 681 n.5 (B.A.P. 9th Cir. 2016) (citing *O'Rourke v. Seaboard Sur. Co. (In E.R. Fegert, Inc.)*, 887 F.2d 955, 957-59 (9th Cir. 1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-00890-FWS          Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

On October 29, 2021, Debtors filed the "Motion to Withdraw and Defective Pleading for Violation of the Automatic Stay and Discharge Injunction," ("Motion") alleging that the State of Delaware and Morris Phillip willfully violated the Bankruptcy Code's automatic stay and discharge injunction provisions by litigating or otherwise participating in the aforementioned actions. (*See generally* Bankr. Dkt. 22.)

On March 22, 2022, the bankruptcy court issued a tentative ruling on the Motion, stating:

> For the reasons articulated in the Delaware opposition and in the Delaware Chancery and Supreme Court opinions, the motion is denied. Moreover, in *Keenan v. Curtain (In re Keenan)*, BAP No. BAP No. SC-21-1021-LSF (B.A.P. 9th Cir. February 8, 2022) the court explained that the discharge injunction is not violated by post-discharge litigation over the ownership of property, as distinguished from a claim discharged in the bankruptcy.

(Bankr. Dkt. at 52; Dkt. 16-15 at 2.)

On March 24, 2022, the bankruptcy court denied Debtors' Motion "[f]or all the reasons stated in the court's tentative ruling issued on March 21, 2022." (*See* Bankr. Dkt 54.) On March 30, 2022, Debtors filed a notice of appeal of the bankruptcy court's denial of the Motion. (Bankr. Dkt. 56.) On April 28, 2022, the appeal was transferred to this court. (*See* Dkt. 2.)

### II.     Legal Standard

District courts have jurisdiction to hear appeals from bankruptcy court final judgments, orders, and decrees. *See* 28 U.S.C. § 158. Such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Id.* § 158(c)(2). "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (citation and internal quotation marks omitted). The court "review[s] the bankruptcy court's conclusions of law de novo, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00890-FWS              Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

its findings of fact for clear error." *In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (citation omitted). The court "may affirm on any ground fairly supported by the record." *In re Jimenez*, 613 B.R. 537, 543 (B.A.P. 9th Cir. 2020) (citing *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999)).

### III. Discussion

Debtors do not explicitly designate issues for appeal but argue that the bankruptcy court erred by holding that: (1) the State of Delaware did not violate 11 U.S.C. § 362(a)'s automatic stay provision, (App. at 11-13); and (2) the state court litigation did not violate 11 U.S.C. § 554's discharge injunction provision, (*id.* at 12-13). In addition, Debtors generally argue that "Delaware lacks Article III standing to attack (directly or collaterally) the debtors claimed exemptions and it was an error of law to deny the debtors['] exemption for the reasons stated by Defendants." (*Id.* at 10.)

In Response, both Appellees State of Delaware and Morris Phillip argue that there was no violation of either the Bankruptcy Code's automatic stay or discharge injunction provisions and Debtors' other arguments are barred by both the *Rooker-Feldman* doctrine and the principles of claim and issue preclusion. (*See, e.g.*, Dkts. 15 at 7-9; 17 at 1-2.) For the reasons discussed below, the court agrees with Appellees.

### A. The bankruptcy court correctly determined there was no violation of 11 U.S.C. § 362(a)'s automatic stay provision.

Debtors first argue the bankruptcy court erred in holding that the State of Delaware did not violate 11 U.S.C. § 362(a) by allowing its courts to rule on the state action initiated by Debtor James Zachman. (*See* App. at 8-9.) The State of Delaware and Morris James contend that the bankruptcy court properly held there was no violation of the automatic stay. (*See* Dkt 15 at 10-12; Dkt. 17 at 10-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No.: 8:22-cv-00890-FWS  Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

"Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law . . . review[ed] de novo." *Perryman v. Poggetto (In re Perryman)*, 631 B.R. 899, 902 (9th Cir. BAP 2021) (citing *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1173 (9th Cir. 2014) and *Keller v. New Penn Fin., LLC (In re Keller)*, 568 B.R. 118, 121 (9th Cir. BAP 2017)). By contrast, "[w]hether a party has willfully violated the stay is a factual finding" reviewed for clear error. *Id.* (citing *Eksanos & Adler, P.C. v. Leetien*, 309 F. 3d 1210, 1213 (9th Cir. 2002)).

Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition creates an automatic stay which protects debtors from the following actions by creditors: "continuation of a judicial action . . . commenced before the petition date; any act to create, perfect or enforce any lien against property of the estate; or any act to create, perfect or enforce against property of the debtor any lien that secures a claim that arose before the petition date." *Id.* at 902-03 (quoting 11 U.S.C. §§ 362(a)(1), (4), (5)).

Upon de novo review, the court concludes that the State of Delaware did not violate the automatic stay provision of section 362(a). First, the court observes that section 362(c)(1) provides "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). In this case, the record reflects that the property at issue—the interest in the Real Data Services limited liability company—ceased to be property of the estate after the Debtors claimed it as an exemption on June 1, 2010, and the Chapter 7 trustee did not object within the 30-day period. (*See* Bankr. Dkts. 10, 11.) *See also Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1209-10 (9th Cir. 2010) ("[U]nless the trustee objects to a claimed exemption within the 30-day period allowed under Federal Rule of Bankruptcy Procedure 4003(b), the property is exempted from the bankruptcy estate. . . ."). At that time, "the debtor's interest in the property [was] 'withdrawn from the estate (and hence from the creditors) for the benefit for the debtor.'" *In re Gebhart*, 621 F.3d at 1210 (quoting *Owen v, Owen*, 500 U.S. 305, 308 (1991)). Accordingly, pursuant to section 326(c), the court concludes that the automatic stay ceased to apply to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00890-FWS  Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

limited liability company membership interest in 2010—several years before the litigation at issue. *See* 11 U.S.C. § 326(c)(1).

Second, it is undisputed that Debtor James A. Zachman initiated the actions that allegedly resulted in the violation of the automatic stay. (*See, e.g.*, Dkts. 11-9; 15 at 10-11; 17 at 4-5.) By its terms, section 362's "automatic stay has been found inapplicable to lawsuits initiated by the debtor." *Lehman Com. Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop.)*, 423 B.R. 655, 665 (9th Cir. BAP 2009) (citing *Eisinger v. Way (In re Way)*, 229 B.R. 11, 13 (9th Cir. BAP 1998) and *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989)). Thus, the court concludes that the automatic stay would not apply even if the membership interest in Real Data Services was still part of the bankruptcy estate at the time the actions were commenced. Accordingly, the court concludes the bankruptcy court correctly determined there was no violation of 11 U.S.C. § 362(a)'s automatic stay provision. *See* 11 U.S.C. § 362(c)(2); *In re Gebhart*, 621 F.3d at 1209-10; *In re Palmdale Prop.*, 423 B.R. at 665.

### B. The bankruptcy court correctly determined there was no violation of 11 U.S.C. § 524's discharge injunction provision.

Debtors argue that the bankruptcy court erred by holding there was no violation of 11 U.S.C. 524's discharge injunction provision and "declar[ing] the tort of conversion is not subject [to] the discharge injunction." (App. at 12.) Both Appellees State of Delaware and Morris Phillip argue that the bankruptcy court correctly concluded that there was no violation of the discharge injunction because the actions constituted post-bankruptcy litigation of property interests permitted under section 524. (Dkt. 15 at 13-14; 17 at 10-12.)

"The scope of the bankruptcy discharge injunction is a mixed question of fact and law to be reviewed either de novo or for clear error, depending upon whether questions of law or questions of fact predominate." *Mellem v. Mellem (In re Mellem)*, 625 B.R. 172, 177 (9th Cir. BAP 2021), *aff'd*, 2021 WL 5542226 (9th Cir. Nov. 26, 2021) (citing *U.S. Bank Nat'l Ass'n ex*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00890-FWS                           Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

*rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967-68 (2018)).  In this case, legal questions predominate.  *See, e.g., id.* at 177, 181 (conducting de novo review when "crucial issue" was the scope of protection afforded by discharge injunction); *Keenan v. Curtain (In re Keenan)*, 2022 WL 370278, at *4 (9th Cir. BAP Feb. 8, 2022) (mem.) (same).  Therefore, the court conducts a de novo review.

Section 524(a) enjoins: (1) "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;" and (2) "the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) . . . that is acquired after the commencement of the case, on account of any allowable community claim . . . ." 11 U.S.C. § 524(a)(2)-(3).

The court concludes the Delaware state litigation at issue did not violate section 524(a)'s discharge injunction because it was neither an action to collect or recover debt as a personal liability from Debtors nor an action to collect or recover from property as the term is defined in 11 U.S.C. § 541(a)(2).  Instead, as the bankruptcy court determined, the state action constituted post-bankruptcy litigation over ownership of personal property—namely, Debtor James Zachman's membership interest in the Real Data Services limited liability company—as opposed to a claim *against* Debtors previously discharged in bankruptcy.  *Compare* Del. Code Ann. tit. 6, § 18-701 ("A limited liability company interest is personal property."), *with* 11 U.S.C. §§ 101(12) (defining debt as "liability on a claim"), and *id.* § 101(5) (defining claim as a "right to payment" or "right to an equitable remedy").  *Cf. In re Mellem*, 625 B.R. at 182 ("Anything that does not qualify as a "claim" for purposes of § 101(5) probably is not a "debt" for purposes of the § 524(a)(2) injunction.").  As the Ninth Circuit Bankruptcy Appellate Panel stated in *In re Keenan*, Debtors' "argument rests on a fundamental misunderstanding: the discharge and plan injunction protect the debtor from claims, but they do not disable other parties from defending their property interests." 2022 WL 370278, at *6.  Accordingly, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-00890-FWS                       Date: January 12, 2023
Title: In Re: James A. and Elizabeth C. Zachman

court determines the bankruptcy court correctly determined no violation of the discharge injunction occurred.

      **C.**     **The court declines to consider Debtors' remaining argument raised for the first time on appeal.**

The court does not reach Debtors' remaining argument related to whether the State of Delaware lacks standing because Debtors raise this argument for the first time on appeal. *See Adelson v. Smith (In re Smith)*, 397 B.R. 134, 140 (Bankr. D. Nev 2008) ("[A] party may not raise an issue for the first time on appeal.") (citing *Franchise Tax Bd. v. Roberts (In re Roberts)*, 175 B.R. 339, 344-45 (9th Cir. BAP 1994)). Based on the record, including Debtors' Motion before the bankruptcy court, (*see generally* Bankr. Dkt. 22), the court concludes this issue was not "raised sufficiently to permit the trial court to rule upon it" and no exceptional circumstances otherwise warrant considering it. *See Ezra v. Seror (In re Ezara)*, 537 B.R. 924, 932 (9th Cir. BAP 2015) (citing *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fergert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989)).

Accordingly, based on the record, as applied to the applicable law, the court **AFFIRMS** the bankruptcy court's order denying Debtors' "Motion to Withdraw and Defective Pleading for Violation of the Automatic Stay and Discharge Injunction."

      **IV.**     **Disposition**

For the reasons set forth above, the court **AFFIRMS** the bankruptcy court's order denying Debtors' "Motion to Withdraw and Defective Pleading for Violation of the Automatic Stay and Discharge Injunction."

                                                                               Initials of Deputy Clerk: mku

**CC: BANKRUPTCY COURT; BAP**